Cohn, J.
(dissenting). Matter of Myer v. Myer (272 App. Div. 888) is not in point. While there was technically an equal division among the stockholders in that case, the petitioners for dissolution were merely the holders of the bare legal title to half of the stock under a trust. The beneficial owner of the stock was the father of the stockholders. He was an elderly man and incompetent. Originally he organized the corporation and had been receiving regular payments from it. The committee for the incompetent opposed the dissolution. It appears too that there *234 was no deadlock over policy among the board of directors consisting of two sons who had held over and who were the persons long in active and successful management of the corporate business. Petitioners there never had been members of the board nor had they any connection with the operation of the business. In the circumstances this court affirmed an order of the Special Term in the cited case, which confirmed the recommendation of the referee against dissolution.
However, in the case at bar, after a full hearing a referee appointed by the court, upon ample evidence has found that there is a hopeless deadlock between the two 50% stockholders of Brewer-Cantelmo Co., Inc., and that such stockholders are unable to elect a new board of directors as they cannot agree upon a third director. As a consequence there has been a paralyzing failure of management of the corporation. The referee also found it beneficial to the interests of the two stockholders that the corporation be dissolved and that such dissolution would not be injurious to the public interests. His report was in all respects confirmed by the Special Term.
Appellant, who now opposes dissolution and who now charges that it is sought in bad faith, through his own attorney, by letter dated January 13,1948, addressed to the corporation, suggested dissolution in'the following language: “ In view of the deadlock which exists and of the failure of the stockholders to elect a full Board of Directors, we have advised our client that the affairs of the corporation cannot be properly conducted as required by law and that we are constrained on his behalf to take appropriate legal steps to protect his interest as a 50% stockholder of the corporation and to protect the corporation itself. Of course, you are aware that when stockholders are unable to elect a board of directors, the New York General Corporation Law, Section 103, provides that a petition may be filed for the dissolution of the corporation. ’ ’
Now that the dissolution which appellant himself threatened to bring about to protect his interest as a 50% stockholder has been ordered, the charge is made that the proceeding was instituted by respondent in bad faith and would unjustly enrich him. There is no merit to that contention. Respondent is not bound to the corporation by contract or otherwise and concededly is free to withdraw his personal services from the corporation at any time he chooses to do so and to set up his own business. The order of dissolution here amply protects both stockholders for it provides for a sale of all corporate assets including good will *235 under judicial supervision on terms to be agreed upon between the parties or to be fixed by the court and appellant will have as much right to purcha.se the business as will respondent.
It is also to be noted that when the motion for dissolution was made, appellant, joining with respondent, indicated that a temporary receiver to conduct the business of the corporation should be appointed pursuant to section 110 of the General Corporation Law. Under the direction of such temporary receiver, the corporation has been functioning up to the present time.
Where as here there is a complete deadlock between the two equal stockholders and they are unable to elect a new board of directors, dissolution is clearly authorized (General Corporation Law, §§ 103, 117). As was declared in Benintendi v. Kenton Hotel (294 N. Y. 112, 118) “ Any corporation may arrive at a condition where dissolution is the right and necessary course. The Legislature has decided that a vote of a majority of the shares, or half of them in case of a deadlock, is sufficient to force a dissolution.”
The situation of a close corporation with two 50% stockholders, in irreconcilable dissension and engaged in constant legal warfare under circumstances where corporate success and efficiency imperatively demand co-operation, is one calling for the relief provided by statute. No reason appears why the decision of the Special Term, granting such relief, should not be upheld. This case falls directly within the terms of section 103 of the General Corporation Law. Dissolution is likewise obviously ‘ ‘ beneficial to- the stockholders ’ ’ within the meaning of section 117.
For the foregoing reasons the order should be affirmed.
Dore, J. P., Callahan and Van Yoorhis, JJ., concur with Shdbntag, J.; Cohn, J., dissents and votes to affirm, in opinion.
Order reversed, with costs to the respondent-appellant and the petition denied. Settle order on notice.